**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 95-30320
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

MICHAEL WEST,

Defendant-Appellant.

Appeal from the United States District Court
For the Western District of Louisiana
(CA-94-1549)
February 6, 1996

Before HIGGINBOTHAM, DUHÉ and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[1]

Appellant, Michael West, brought this 28 U.S.C. § 2255 proceeding challenging his drug offense convictions. The district court denied relief without a hearing. We affirm, although on a different basis than the district court.

West's primary contention is that his counsel rendered inadequate assistance because he failed to call West's co-defendants, Taylor and Mitchell, who were tried with him, as alibi

---

[1] Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

witnesses. West supports his motion with an affidavit from one co-defendant stating that he told West's attorney that he would testify that West was not involved in the activity which was the subject of the indictment. The other co-defendant's affidavit stated that all the drugs were his, not West's and that West did not sell drugs to the undercover agent. We examine ineffective assistance claims under the <u>Strickland v. Washington</u>, 466 U.S. 668 (1984) standard, and, assuming without deciding that counsel's performance was inadequate, conclude that Appellant cannot show prejudice. We also conclude that no hearing in the district court was required.

West and his co-defendants were tried together. West's motion for severance because of his desire to call one of the co-defendants was denied. Since they were tried together, the co-defendants would have to waive their right against self-incrimination to testify. The trial record makes it clear that this would not have happened. Neither co-defendant testified in his own defense, so the statement in the affidavit of co-defendant Taylor, made after the trial, that he would have testified is clearly refuted. Co-defendant Mitchell does not say that he would have testified, only that if he had he would have said that the drugs belonged to him.

Even if we assume, however, that both co-defendants would have testified, there is no reasonable probability that the outcome would have been different. The evidence against West was overwhelming. He owned and operated a business called "Master Care

2

Car Wash".  In four months undercover officers made nine drug purchases from West, Taylor and Mitchell at this location.  In meetings leading to the purchases Appellant declared that all drugs sold by Mitchell were West's.  On one occasion agents purchased 46.2 grams of cocaine from West, who was assisted by Mitchell and Taylor.  Search warrants produced cocaine from the car wash, and cocaine and drug paraphernalia from Appellant's girlfriend's house which Appellant occupied with her.  Appellant advised the police on the day of the searches that all drugs found at the car wash and at his girlfriend's house were his and that the others should be released although, at trial, Appellant denied making the statement.  In our view, the record clearly negates the need for a hearing in the district court, especially since the § 2255 hearing was conducted by the same judge who presided at the trial.  United States v. Briggs, 939 F.2d 222, 228 (5th Cir. 1991).  The record also adequately shows that Appellant cannot establish prejudice.

The remaining issues raised by Appellant are frivolous.

AFFIRMED.